## U.S. COMMODITY FUTURES TRADING COMMISSION, Plaintiff,

v.

## Robert Stanley HARRISON, Defendant.

### C/A No. 8:13–cv–00327–JDA.

United States District Court,
D. South Carolina,
Anderson Division.

Signed March 23, 2015.

George John Conits, U.S. Attorneys Office, Greenville, SC, Amanda L. Harding,

Daniel C. Jordan, U.S. Commodity Futures Trading Commission, Washington, DC, for Plaintiff.

Howard Walton Anderson, III, Howard W. Anderson III Law Office, Clemson, SC, for Defendant.

## ORDER OF PERMANENT INJUNCTION

JACQUELYN D. AUSTIN, United States Magistrate Judge.

On February 6, 2013, Plaintiff filed its five-count Complaint against Defendant, alleging violations of anti-fraud and registration provisions of the Commodity Exchange Act ("CEA") and CFTC Regulations. ("Complaint," Dkt. No. 1.) On May 14, 2013, Defendant was indicted on criminal charges arising from the same fraudulent conduct described in the Complaint. See United States v. Harrison, 8:13–cr–00354–MGL (D.S.C.). On January 22, 2014, Defendant pleaded guilty to criminal charges in the indictment, and on September 22, 2014, Defendant was sentenced to 1 year and 1 day in prison and ordered to pay restitution for the same conduct as described in Plaintiff's Complaint. On December 19, 2014, the Court entered a Consent Order for Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief. ("Consent Order," Dkt. No. # 88.) The Consent Order (1) contains findings of fact and conclusions of law regarding Defendant's misconduct, (2) provides for a permanent injunction prohibiting Defendant from future violations of the CEA and Regulations, and (3) imposes a civil monetary penalty against Defendant. The Consent Order also specifically states that Defendant admits the allegations of the findings of fact and conclusions of law contained therein. Currently before the Court is Plaintiff's Motion for Additional Permanent Injunction ("Motion") against Defendant, pursuant to Section 6c of the CEA, 7 U.S.C. § 13a–1 (2012), prohibiting him from further participation in the markets regulated by the CFTC. The Court held a hearing on the Motion on March 23, 2015.

Section 6c(a) of the CEA, 7 U.S.C. § 13a–1(a) (2012), authorizes District Courts to enjoin any act or practice constituting a violation of the CEA or Regulations and to enforce compliance with the CEA and Regulations. Permanent trading, solicitation and registration bans are appropriate when a defendant's violation of the CEA and/or Regulations poses a threat to the integrity of the markets regulated by the CFTC. See In re Staryk, [2003–2004 Transfer Binder] Comm. Fut. L. Rep. (CCH) ¶ 29,826, at 56,452 (CFTC July 23, 2004) (explaining that a bar prohibiting a defendant is appropriate when the record shows that a [defendant's] misconduct represents an inherent threat to the integrity of the futures markets in the public eye); In re Miller, [1994–1996 Transfer Binder] CCH ¶ 26,440, at 42,914 (CFTC June 16, 1995), remanded on other grounds, Miller v. CFTC, 197 F.3d 1227 (9th Cir.1999) (CFTC affirming with "no difficulty" the trial court's permanent trading ban because defendant's pattern of wrongdoing that extended over several years posed a danger to the integrity of the market sufficient to warrant a permanent ban).

Because fraud is one of the primary threats to market integrity, many district courts throughout the Fourth Circuit have imposed permanent bans on market activity in response to the same types of fraudulent conduct engaged in by Defendant. See e.g., CFTC v. Heffernan, No. 4:04–cv–23302–TLW, Dkt. No. 100 p. 3 (D.S.C. Aug. 31, 2007); CFTC v. PMC Strategy LLC, 903 F.Supp.2d 368, 380–81 (W.D.N.C.2012); CFTC v. Smith, No. 1:10CV00009, 2012 WL 1642200, at *12 (W.D.Va. Apr. 16, 2012) ("The egregious,

systematic and widespread nature of [defendant's] fraudulent conduct warrants imposition of a permanent injunction against him"); *CFTC v. Hall,* 49 F.Supp.3d 444, 447 (M.D.N.C.2013) (ordering permanent trading and registration bans in fraud case); *CFTC v. McCall Business Grp., LLC,* No. 3:08–cv–00445–W, 2010 WL 1665287, at *6 (W.D.N.C. Apr. 23, 2010) (same); *CFTC v. Hayes,* No. 4:06cv130, 2007 WL 858772, at *3–4 (E.D.Va. Mar.13, 2007) (same); *CFTC v. Poole,* No. 1:05CV00859, 2006 WL 1174286, at *6–7 (M.D.N.C. May 1, 2006) (same).

As the admissions contained in the Consent Order and Defendant's guilty plea demonstrate, Defendant's conduct poses a significant threat to the integrity of the markets regulated by the CFTC. Defendant admitted to repeatedly committing core violations of the CEA and Regulations by devising and executing "a scheme to defraud and to obtain monies by means of false and fraudulent pretenses, representations, and promises." (Consent Order, Dkt. No. # 88, at ¶ 17.) Additionally, Defendant admitted to accepting funds in his own name and commingling funds he accepted with his own funds. (Consent Order, Dkt. No. # 88, at ¶ 24.)

Upon consideration of Plaintiff's Motion and Defendant's response thereto and for good cause shown:

**IT IS HEREBY ORDERED** that Defendant is permanently restrained, enjoined, and prohibited from directly or indirectly:

1. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the CEA, 7 U.S.C. § 1a (2012));

2. Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R. § 1.3(hh) (2014)) ("commodity options"), security futures products, foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the CEA, 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i) (2012)), and/or swaps (as that term is defined in Section 1a(47) of the CEA, 7 U.S.C. § 1a(47) (2012), and as further defined by Regulation 1.3(xxx), 17 C.F.R. § 1.3(xxx) (2014)) for his own personal account or for any account in which he has a direct or indirect interest;

3. Having any commodity futures, options on commodity futures, commodity options, security futures products, forex contracts, and/or swaps traded on his behalf;

4. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, forex contracts and/or swaps;

5. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, forex contracts, and/or swaps;

6. Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014); and

7. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2014)), agent or any other officer or employee of any person (as that term is defined in Section 1a of the CEA, 7 U.S.C. § 1a (2012)) registered, exempted from registration or required to be registered with the CFTC except as provided for in

Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014).*

**IT IS SO ORDERED.**

---

* The Court notes that, during the hearing, counsel for Defendant requested that the Court include a provision in this Order allowing Defendant to seek a lift of the permanent injunction if the facts and/or circumstances of this case change. The Court declines to include such a provision; however, if Defendant thinks the facts and/or circumstances change sufficient to warrant a lift of the permanent injunction, he may file a motion to lift the injunction at that time.